JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Transfer Venue or Dismiss this action filed by defendant Snowflake, Inc. ("Defendant"). (Dkt. 15 ("Mot.").) Plaintiff Yeti Data, Inc. ("Plaintiff") filed an Opposition, and Defendant filed a Reply. (Dkt. 18 ("Opp.") and 19 ("Reply").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

### I. Background

Plaintiff has filed a complaint for trademark infringement and unfair competition against Defendant. Plaintiff creates, distributes, and markets big data and consumer data management solutions, and data analytics software. Defendant offers a competing cloud-based data platform that brings together various data storage and analytics services. Plaintiff's central allegation is that Defendant's use of its brand and "SNOWFLAKE" mark infringes on Plaintiff's "YETI SNOWFLAKE" mark.

The Complaint alleges in a conclusory fashion that "[v]enue is proper . . . because this Court has personal jurisdiction over each of the parties as alleged throughout this Complaint and because, on information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering infringing products and services for sale, and/or by conducting other business, in this judicial district." (Dkt. 1 ("Compl.") ¶11.) But the Complaint does not allege that Plaintiff has any presence or connection to this District, and Defendant does not have any offices in this District. (Id. at ¶12; McMurray Decl. ¶4.) Defendant now moves the Court for an order transferring this case to the Northern District of California ("Northern District") pursuant to 28 U.S.C. § 1404(a), or dismissing this case for failure to state a claim pursuant to Federal Rule 12(b)(6).

### II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see also Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). District courts have discretion to adjudicate motions for transfer of venue according to an "individualized, case-by-case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A "transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

### III.     Analysis

####       A.     This Action Could Have Been Brought in the Northern District of California

Defendant states that venue would be proper in the Northern District, where it resides, and that the Northern District will have subject matter jurisdiction over this action and personal jurisdiction over Defendant. (Mot. at 6; McMurray Decl. ¶4.) The Court therefore concludes that this action could have been brought in the Northern District. See 28 U.S.C. § 1391(b), (c).

####       B.     The Interests of Convenience and Justice Are Served By Transfer

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). This includes considering factors such as: (1) judicial economy, (2) plaintiff's choice of forum, (3) convenience of the witnesses and parties, (4) relative ease of access to proof, (5) availability of compulsory process, (6) differences in the costs of litigation in the two forums, and (7) the state that is most familiar with the governing law. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); E. & J. Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). Rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.
D

#####             i.     Plaintiff's Choice of Forum

A court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to support a venue transfer. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). However, "[t]he weight given to the plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum." Lopez v. Chertoff, 2007 WL 2113494, at *2 (N.D. Cal. July 20, 2007); see also Gemini Capital Group v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping." Williams v. Bowman, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001). Based on the evidence presented, Plaintiff resides in the Northern District of California, not this District. Therefore, his choice of forum is afforded less deference. See Lopez, 2007 WL 2113494, at *2 ("[B]ecause plaintiff resides in the Eastern District of California, plaintiff has not demonstrated how a transfer of venue [from the Northern District] to the Eastern District would inconvenience him. Therefore, the plaintiff's choice of forum neither weighs for nor against a transfer of venue.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

    Plaintiff's choice of forum is also afforded less deference where the chosen forum lacks any significant contact with the activities alleged in the complaint. "Plaintiff's choice of forum, then, is not the final word. . . . consideration must be given to the extent [] of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Id.; see also Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.") (collecting cases).

    Here, both parties reside in the Northern District. Plaintiff is a Delaware corporation and does not maintain any offices or employees in this District. (Ball Decl. ¶¶5, 10; Szczerba Decl. ¶¶7-12.) Plaintiff has identified 393 Atherton Ave., Atherton, California 94027 as its executive office and designated mailing address. (Mot. at Ex. I (Statement of Information filed with the California Secretary of State).) Victor Szczerba—Plaintiff's Chief Executive Officer, Chief Financial Officer, and Secretary—identified the same Atherton, California address as his place of employment. (Id.) Defendant also resides in the Northern District. Its principal place of business is in San Mateo, California. (McMurray Decl. ¶4.) "Aside from its San Mateo headquarters, Snowflake has an office located in Dublin, California; beyond these two offices, it has no other offices in California." (Id.) The San Mateo and Dublin offices represent nearly half of Defendant's U.S.-based work force and more than a third of its worldwide employees. (Id.)

    In addition, it appears that the operative facts of this case did not occur in this District. This is a trademark infringement dispute where the operative facts involve Defendant's selection, investment, and use of its trademark. Defendant alleges that it selected and invested in its mark from its San Mateo headquarters, where Defendant's personnel make key decisions about its brand and trademark, direct its marketing efforts, and design and develop its offerings. (McMurray Decl. ¶¶5-6.) Plaintiff counters that Defendant's contacts with this District are "plentiful and substantial." (Opp. at 10-14.) For example, Defendant operates an interactive website targeting consumers in this District, and regularly interacts with consumers from this District through its social media activities and advertising. (Id.) But other district courts have held that whether "[d]efendants' website is accessible to those who reside in this District is not sufficient to establish that venue is proper." Disney Enterprises, Inc. v. Fun Vacation Network, LLC, 2016 WL 7444860 (C.D. Cal. 2016). "To accept plaintiff's contention would be to adopt a rule that would subject any corporation with a website to venue in the district." J & J Acquisition Partners, Inc. v. Alvernaz Partners, LLC, 2018 WL 4959026, at *2-3 (C.D. Cal. Feb. 28, 2018) (citation omitted).

    Plaintiff also contends that its own contacts with this District "are extensive and involve numerous business activities." (Szczerba Decl. ¶¶5-8.) But Plaintiff's conclusory allegations, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

lack specifics of the nature of the business activities and how they relate to this action, is not sufficient to overcome its apparent lack of presence or pertinent conduct in this District. See Goes Int'l AB v. Wuzla, 2014 WL 12617386, at *4 (C.D. Cal. Apr. 7, 2014) (affording no deference even though "both parties have presumably sold their video games to consumers within the Central District of California[] [because] Goes maintains no staff here."); see also Otter Prods., LLC v. Hansen, 2013 WL 12139137, at *2-3 (C.D. Cal. Aug. 16, 2013) (affording no deference even though Plaintiff "has a considerable amount of sales in California and maintains some business relationships with companies located in California[] [because] it does not maintain a large staff here").

Based on the evidence and arguments submitted by the parties, it appears that Plaintiff retained counsel in this District and initiated the instant action "without any significant ties to this forum or any particular rationale supporting a finding that a substantial part of the events giving rise to Plaintiff's claim occurred here." Id. That fact that Plaintiff has retained counsel in this District deserves no deference. See Travelers Prop. Cas. Co. v. Bobrick Washroom Equip., Inc., 2018 WL 3004277, at *3 (C.D. Cal. Jan. 11, 2018) ("[T]he convenience of the attorneys that Travelers has retained to pursue this action is of little consequence. To conclude otherwise would allow a party to manufacture convenience merely by selecting counsel in a preferred venue."). For these reasons, the Court concludes that Plaintiff's choice of forum is entitled to no deference.

### ii. Convenience to the Parties

The Court finds that the convenience of the parties is best served by transfer to the Northern District. As discussed above, both parties reside within the Northern District. Plaintiff has failed to present any arguments that it will be inconvenienced by transfer to the Northern District. Therefore, this factor weighs in favor of transfer.

### iii. Convenience to the Witnesses

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." Kannar v. Alticor, Inc., 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (quotations and citation omitted). "In determining whether this factor favors transfer, the Court must consider the location and number of witnesses each side has and the relative importance of those witnesses." Lather, Inc. v. Gilchrist & Soames, Inc., 2020 WL 1140760, at *3 (C.D. Cal. Mar. 9, 2020) (citing Fontaine v. Wash. Mut. Bank, Inc., 2009 WL 1202886, at *3 (C.D. Cal. Apr. 30, 2009)); see also Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.") (citation omitted).

Defendant has identified five potential witnesses with relevant information about this lawsuit who are located in the Northern District. Defendant anticipates calling three employees who work out of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

its San Mateo Headquarters: (1) Lars Christensen, Vice President of Marketing & Demand Generation; (2) Vicky Fong, Senior Director and Assistant Controller; and (3) Pierre Keeley, Director of Intellectual Property. (McMurray Decl. ¶5.) Christensen has knowledge about Defendant's selection and use of its "SNOWFLAKE" brand and trademark, the nature of Defendant's services sold under the mark, and Defendant's marketing and advertising. (Id.) Fong has knowledge about Defendant's profits and expenses, and Keeley has knowledge about Defendant's trademark applications and registrations. (Id.) In addition, Defendant anticipates calling one non-party witness—Jon Bock, a former employee—who resides in the Northern District. (Id. at ¶7.) Bock has relevant historical knowledge of Defendant's timing, use, and investment in its brand and mark because he led product marketing and the launch of Defendant's first product. (Id.) Finally, Defendant anticipates that Plaintiff will offer testimony from its CEO, CFO, and Secretary Victor Szcerba, who resides in the Northern District. Defendant is not aware of any witnesses located in this District.

Plaintiff has failed to establish that the convenience of the witnesses is best served by maintaining the action in this District. Plaintiff suggests that "several important members of Plaintiff's team including its CTO, and Head of Marketing and Sales live in Colorado and Arizona." (Opp. at 13.) But Plaintiff does not explain whether it intends to call these individuals as witnesses, what they would testify about, or why travel to this District is less convenient than the Northern District. Plaintiff also suggests that "at least three of Defendant's Sales Directors and at least two of Defendant's employees concerned with its 'business analytics' activities are located in the Central District." (Id. at 16.) Plaintiff contends that the Sales Directors "are important sources of evidence in trademark cases not only for the critical likelihood of confusion analysis but in connection with financial harm." (Id.) However, Plaintiff does not identify who these employees are, what their responsibilities entail, or what knowledge they possess that is specifically relevant to this lawsuit. (Id.) Finally, Plaintiff alleges that "Defendant has more than half a dozen customers in the Central District. These non-party witnesses will likely play key roles in this case in connection with the likelihood of confusion analysis and otherwise." (Id. (citing Liedtke Decl. ¶¶ 21-25).) But again, Plaintiff does not explain what testimony these customers might offer.

Based on the parties' briefing and evidence presented, the Court finds that this factor weighs in favor of transfer. See Siddiqi v. Gerber Prods. Co., 2012 WL 11922412, at *3 (C.D. Cal. Mar. 26, 2012) (convenience of witnesses weighed in favor of transfer because "Plaintiff intends to call a number of Defendants' marketing and manufacturing employees [and] . . . Most of these individuals[] . . . presumably are located in the District of New Jersey.").

### iv. Relative Ease of Access to Sources of Proof

"Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because 'advances in technology have made it easy for documents to be transferred to different locations.'" Byler v. Deluxe Corp., 222 F. Supp. 3d 885, 906-07 (S.D. Cal. 2016) (quoting Metz v. U.S. Life Ins. Co. v. City of New York, 674 F. Supp. 2d. 1141, 1148 (CD. Cal. 2009)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-6595 PA (AFMx) | Date | November 9, 2020 |
|---|---|---|---|
| Title | Yeti Data, Inc. v. Snowflake, Inc. | | |

Defendant says that maintains its relevant documents and data at its San Mateo headquarters. (McMurray Decl. ¶4.)  It does not have an office in this District or maintain relevant records here.  (Id.) Plaintiff has not presented any evidence that documentary evidence is located in this District.  Although the physical presence of documentary evidence merits less weight, it appears that any such evidence will be located in the Northern District.  Accordingly, this factor weighs slightly in favor of transfer.  See Mardones v. Lauper, 2018 WL 1363488, at *5 (C.D. Cal. Feb. 23, 2018); Lather, 2020 WL 1140760, at *5 ("[M]uch of the documentary evidence in this case—to the extent that such evidence may not be available in electronic format—is likely located at Celebrity's headquarters in the Southern District of Florida.  Thus, the Court finds this factor slightly favors transferring the action"); Sloan v. Pfizer, Inc., 2008 WL 4167083, at *5 (N.D. Cal. Sept. 8, 2008).

#### v.      Additional Factors

Plaintiff's additional arguments are insufficient to weigh against transfer of venue.  Plaintiff contends that this District is more familiar than the Northern District with the governing law of this action, but the Court is unpersuaded by this argument.  See Otter Prods., LLC, at *3 ("Both the Central District of California and the District of Utah have extensive experience involving the litigation of trademark infringement actions and a substantially equivalent level of experience with the relevant federal law.").  Plaintiff also contends that "court congestion" in the Northern District weighs against transfer, but "[r]elative court congestion is at best, a minor factor in the section 1404 calculus.  Docket congestion is not given much weight in a § 1404)(a) consideration."  See Royal Queentex Enters. v. Sara Lee Corp., 2000 U.S. Dist. LEXIS 10139, at *24 (N.D. Cal. Mar. 1, 2000) (quotations and citation omitted).  Finally, Plaintiff alleges that "San Francisco [] lit up its City Hall in Defendant's colors and logo in celebration of Defendant's IPO. . . . this local sentiment and favor toward Defendant would make trial [] in the Northern District more burdensome, problematic, and consequently more costly for Plaintiff." (Opp. at 19-20.)  This argument is mere speculation that the Court finds unpersuasive, especially since both parties are local to the Northern District.

### Conclusion

The Court concludes that transferring this case will better serve the interests of justice and the convenience of the parties and witnesses.  Transfer under § 1404(a) is therefore appropriate.  The Court hereby grants Defendant's Motion to Transfer Venue and orders the Clerk to transfer this action to the Northern District of California for the convenience of the parties and witnesses.  See 28 U.S.C. § 1404. The Court declines to address Defendant's Motion to Dismiss for failure to state a claim.  Those issues are best addressed by the Court in the Northern District of California.

IT IS SO ORDERED.